UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CONCORDIA COMPANY, INC.,<br>Plaintiff,<br><br>v.<br><br>CONCORDIA YACHTING COMPANY LIMITED and QUEST MARINE GROUP, INC.<br>Defendants. | CIVIL ACTION NO. 04-00399 |

**MOTION OF THE PLAINTIFF, CONCORDIA COMPANY, INC. FOR ENTRY OF DEFAULT AND FOR JUDGMENT**

The Plaintiff, Concordia Company, Inc. ("Concordia"), hereby requests that the defendants, Concordia Yachting Company, Limited ("Concordia Thailand") and Quest Marine Group, Inc. ("Quest Marine") be defaulted and judgment entered against them pursuant to Fed. R. Civ. P. 55(a), 55(b)2 and 58. In support of this motion, Concordia states as follows:

1. This is a trademark action commenced by Concordia seeking to enjoin the Defendants Concordia Thailand and Quest Marine from their knowing and continuing infringement of plaintiff's federal registered trademark, Concordia Company (U.S. Service Mark Registration No. 1,505,187) and plaintiff's common law rights due to its longstanding use of the name in connection with the construction, manufacture, advertisement, promotion, sale, maintenance, and repair of both power and sailing vessels. Examples of the Defendants wrongful conduct includes advertising and marketing vessels under the "Concordia" name in the United States, including the registration at the Newport Rhode Island Boat Show.

2. Concordia filed a Verified Complaint with this Court on September 13, 2004.

3. Concordia caused copies of the Verified Complaint, Summons, and motion for preliminary relief to be sent by certified mail to Quest Marine Group, Inc.'s registered agent, at

2401 W. Bay Drive, Suite 410, Largo, Florida and upon the principal contact for Quest Marine, Jean Larroux, at his last known personal address of 401 12th Avenue, Indian Rocks Beach, Florida. See Plaintiff's Affidavit of Service, dated January 10, 2005, ("Affidavit of Service") ¶ 3. The Affidavit of Service detailing Concordia's efforts to serve the Defendants was filed with this Court on or about January 11, 2005.

4. The certified mailing addressed to Quest Marine Group, Inc.'s registered agent was returned with a post office stamp indicating "Attempted– Not Known – Return to Sender" despite repeated attempts at delivery at this last and usual address. Affidavit of Service ¶ 4.

5. Jean Larroux failed to claim his certified mailing and the United States Post Office returned it in late January 2005. Affidavit of Kevin Cain ("Cain Affidavit") ¶ 2, which has been filed simultaneously herewith.

6. In addition, on December 27, 2004, Concordia sent copies of the complaint, summons, motion, and a settlement proposal by Federal Express to attorney, Laurence C. Caroe, who, upon information and belief, represents the defendants. The Federal Express package was delivered to Attorney Caroe on December 30, 2004. See Affidavit of Service ¶ 6.

7. Concordia also sent the materials on Jean Larroux at Quest Marine at 2401 W. Bay Drive, Suite 410, Largo, Florida by Federal Express on December 27, 2004. A Federal Express representative called the undersigned's office on December 30, 2004 and indicated that there is no one at this address to accept the package. This package was returned to the undersigned. Affidavit of Service ¶ 7.

8. On December 30, 2004, Concordia sent the materials to Jean Larroux at 401 12th Avenue, Indian Rocks Beach, Florida by Federal Express. This package was left at the front door on December 31, 2004, according to Federal Express tracking data. Affidavit of Service ¶ 8.

9. On January 10, 2005, the undersigned, sent, via Global Priority Mail, the service package to Concordia Thailand at their address in Thailand. Affidavit of Service ¶ 9.

10. Attorney Caroe contacted Concordia's counsel on January 6, 2005. He acknowledged receipt of the December 27, 2004 mailing, and represented that Defendant Quest Marine was no longer active. He assured Concordia's attorney that the Defendant Concordia Thailand's vessels would be marketed under a different name henceforth. He also promised, on behalf of Concordia Thailand, that any past infringement would not be repeated. See Cain Affidavit ¶ 4; Electronic Mail of Attorney Caroe to Kevin Cain, dated January 6, 2005, attached as Exhibit A to the Cain Affidavit.

11. On January 20, 2005, Attorney Caroe sent another electronic mail to Concordia's counsel. He acknowledged that the Defendant Concordia Thailand had been served with the Complaint and Summons. He also suggested that the Defendant Concordia Thailand might not defend the action. See Electronic Mail of Attorney Caroe to Kevin Cain, dated January 20, 2005, attached as Exhibit C.

12. Attorney Caroe and the undersigned counsel have had further communications by telephone, and reached an agreement in principal to settle the case on behalf of the Plaintiff Concordia and the Defendant Concordia Thailand based upon attorney Caroe's representations that Concordia Thailand would no longer use the "Concordia" name. See Cain Affidavit ¶ 7. See also Cain Affidavit, Exhibit C. Pursuant to the agreement, the parties would either file an agreement for judgment containing a permanent injunction prohibiting Concordia Thailand from using the "Concordia" name in the United States, and in exchange Concordia would waive its claims to attorneys' fees and costs, or Concordia Thailand would not oppose Concordia's motion for a default judgment containing the same terms. See id. To that end, Attorney Caroe represented to Concordia's counsel that Concordia Thailand had changed its website so that it would reference Celebrity Yachting instead of Concordia. See Exhibit D to the Cain Affidavit.

13. Shortly after reaching an agreement in principal to settle the dispute, Concordia's counsel sent Attorney Caroe a draft agreement for judgment and notice of dismissal. See Cain

Affidavit, Exhibit E. Despite follow up, Attorney Caroe has failed to respond. Cain Affidavit, Exhibit F.

14. To date, almost six months after Attorney Caroe admitted that Concordia Yachting had been served, it has still failed to formerly appear in this action and file an Answer with the Court.

15. Likewise, Quest Marine has failed to respond to the Complaint.

16. The Defendants are business entities, not natural persons. Therefore, an affidavit that any natural person defendant is neither an infant nor incompetent is not required.

WHEREFORE, Plaintiff respectfully requests that the Court find Defendants in default and enter default judgment in the form attached hereto as Exhibit 1 and grant such further relief as this Court deems just and equitable.

CONCORDIA COMPANY, INC.,

By its attorney,

Kevin C. Cain, R.I. Bar # 3960
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, Massachusetts 02110
(617) 951-2100

## CERTIFICATE OF SERVICE

I, Kevin C. Cain, hereby certify that on June 16, 2005, a copy of the foregoing document was served on the following people as follows:

By Electronic Mail:

Larry Caroe, Esquire
Saunders & Co.,
Attorneys at Law,
P. O. Box 257,
Town Centre Mall,
Providenciales,
Turks and Caicos Islands, B.W.I.
e-mail: lc@saunders.tc

By First Class Mail:

Jean Larroux
401 12th Avenue
Indian Rocks Beach, Florida 33785

By Global Priority Mail:

Concordia Yachting Co. Limited
5/7 Moo 4
Tambon Nguan Phra, Amphor Muang
Rayong 21150
Thailand

Kevin C. Cain