UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CONCORDIA COMPANY, INC.,<br>Plaintiff,<br><br>v.<br><br>CONCORDIA YACHTING COMPANY LIMITED and QUEST MARINE GROUP, INC.<br>Defendants. | CIVIL ACTION NO. 04-00399 |

**AFFIDAVIT OF KEVIN C. CAIN**

I, Kevin C. Cain, hereby depose under oath and state as follows:

1. I am admitted to the bar of the United States District Court for the District of Rhode Island, and am in good standing. I am counsel to the Plaintiff, Concordia Company, Inc. ("Concordia") in this matter.

2. As outlined in my affidavit of service previously filed with this Court, I made efforts to serve the Defendants. Since the filing of the affidavit of service, and in late January 2005, the United States Post Office returned to me the package of service materials that I sent to Jean Larroux, Quest Marine's principal contact. Upon information and belief, Larroux failed to claim that certified mailing at the Post Office, although a Federal Express package containing the same materials was left at his 401 12th Avenue, Indian Rocks Beach, Florida address.

3. Since Concordia filed the Complaint, much of the parties' efforts in this case have been focused on reaching a settlement agreement.

4. Attorney Caroe, who I believe represents the Defendants, contacted me on January 6, 2005. He acknowledged receipt of the December 27, 2004 mailing, and represented that Defendant Quest Marine was no longer active. He assured Concordia's attorney that the

Defendant Concordia Yachting Company Limited's ("Concordia Thailand") vessels would be marketed under a different name henceforth. He also promised, on behalf of Concordia Thailand, that any past infringement would not be repeated. A true and accurate copy of Attorney Caroe electronic mail to me dated January 6, 2005, attached as Exhibit A.

5. Attorney Caroe indicated to me that there would be no defense to this case from Quest Marine. See Electronic mail of Attorney Caroe to me dated January 10, 2005, attached hereto as Exhibit B.

6. On January 20, 2005, Attorney Caroe sent another electronic mail to me. He acknowledged that the Defendant Concordia Thailand had been served with the Complaint and Summons. He also suggested that the Defendant Concordia Thailand might not defend the action. A true and accurate copy of Attorney Caroe electronic mail to me dated January 20, 2005, is attached as Exhibit C.

7. Attorney Caroe and I have had further communications by telephone, and reached an agreement in principal to settle the case on behalf of the Plaintiff Concordia and the Defendant Concordia Thailand based upon Attorney Caroe's representations that Concordia Thailand would no longer use the "Concordia" name. Pursuant to the agreement, the parties would <u>either</u> file an agreement for judgment containing a permanent injunction prohibiting Concordia Thailand from using the "Concordia" name in the United States, and in exchange Concordia would waive its claims to attorneys' fees and costs, <u>or</u> Concordia Thailand would not oppose Concordia's motion for a default judgment containing the same terms. To that end, Attorney Caroe represented to me that Concordia Thailand had changed its website so that it would reference Celebrity Yachting instead of Concordia. <u>See</u> Electronic mail of Attorney Caroe to me, dated February 2, 2005, which is Exhibit D hereto.

8. Shortly after reaching a settlement in principal, I sent Attorney Caroe a draft agreement for judgment and notice of dismissal. Despite follow up, Attorney Caroe has failed to

respond. True and accurate copies of my electronic mails to Attorney Caroe dated March 3, 2005 and May 5, 2005 are attached as Exhibit E and F.

9. To date, almost six months after Attorney Caroe admitted that Concordia Yachting had been served; it has still failed to formerly appear in this action and file an Answer with the Court. Likewise, Quest Marine has failed to respond to the Complaint.

10. My failure to appear at the status conference on June 3, 2005 was due to inadvertence in failing to properly diary the conference in his calendar.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 16th DAY OF JUNE 2005.

Kevin C. Cain, R.I. Bar # 3960
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, Massachusetts 02110
(617) 951-2100

**CERTIFICATE OF SERVICE**

I, Kevin C. Cain, hereby certify that on June 16, 2005, a copy of the foregoing document was served on the following people as follows:

By Electronic Mail:

Larry Caroe, Esquire
Saunders & Co.,
Attorneys at Law,
P. O. Box 257,
Town Centre Mall,
Providenciales,
Turks and Caicos Islands, B.W.I.
e-mail: lc@saunders.tc

By First Class Mail:

Jean Larroux
401 12th Avenue
Indian Rocks Beach, Florida 33785

By Global Priority Mail:

Concordia Yachting Co. Limited
5/7 Moo 4
Tambon Nguan Phra, Amphor Muang
Rayong 21150
Thailand

Kevin C. Cain