## Kevin C. Cain

**From:** Larry Caroe [lc@saunders.tc]
**Sent:** Thursday, January 06, 2005 1:11 PM
**To:** Kevin C. Cain
**Cc:** 'Clinton Yuen'; 'Jean Larroux'
**Subject:** Concordia Yachting Company Limited and Concordia Company, Inc.

Dear Mr. Cain:

I have your letter of December 27, 2004 relating to the above-noted matter. Please be advised that my address and other information have changed. For future communications, please note that I am now at:

Saunders & Co.,
Attorneys at Law,
P. O. Box 257,
Town Centre Mall,
Providenciales,
Turks and Caicos Islands, B.W.I.
Telephone: (649) 941-4500
Facsimile: (649) 941-4533
e-mail: lc@saunders.tc

Since our mail service is not the best, I do not recommend using the mails unless essential. E-mail is the fastest economical means of communication.

I won't get into the allegations contained in the Complaint. I see no value in arguing the case in our written communications. Obviously, if the matter ever gets before the Courts, they will decide the right and wrong of the matter.

As well, you should be aware that Quest Marine Group, Inc. (Florida corporation) is inactive and, to my knowledge, has been dissolved by the State of Florida. You can readily confirm the accuracy of that and, if the corporation no longer exists, you may not want to continue your proceedings against a non-existent defendant. Regardless, that entity, if it exists, will not be defending or playing any role in any settlement or resolution of the matters at hand.

As to Concordia Yachting Company Limited, it is, as you know, a Thai company which builds sailing and power vessels in Thailand. I don't think that there will be any dispute between us that, in doing so, the Thai company is not infringing on any of your client's rights, whether at common law or pursuant to its trademark "Concordia" since that is a U.S. trademark only.

As to Concordia Yachting Company Limited marketing vessels in the U.S. using the Concordia name, that practice has ceased and will not be repeated. There is no need (nor was there any attempt) to confuse the public into thinking that the vessels built by my client were, in fact, produced by yours. My client has a distinctive product which it believes to be superior to that produced by yours (whether my client is right or wrong in this respect makes no difference). The point is that my client does not want any confusion either. Any vessels built at the Thai shipyard will be marketed under a different name henceforth.

Mr. Larroux has advised me that there is an article in the January, 2005 issue of Soundings which mentions Concordia. There is not much that we can do about that, obviously. Furthermore, if it is just an article as opposed to promotion by my client, I don't see that any legal wrong is committed. However, I have not seen the article and, thus, cannot comment any further regarding same.

The Newport International Boat Show is now history. No vessels were sold at that Show or any other show in the U.S. or anywhere in the U.S. in 2004 under the name Concordia or any other name. There are, thus, no profits to disgorge.

If you wish to proceed with your action, you may do so. However, there is no point in doing so since any infringement of your client's rights that may have occurred in the past will not be repeated.

My client will not consent to any judgment on the terms that you propose or on any other terms. Nor will it sign the form of Waiver of Service of Summons which you forwarded with your communication. It is not obliged to do so.

To avoid any further legal costs in this matter, my suggestion is that your client simply put this matter on hold for the time being with a view to witnessing whether or not my client will conduct itself as I have outlined herein. It is does, there will be no need for your proceeding. If it does not, you can activate the proceeding at will.

At the end of the day, I am uncertain as to the value of a U.S. judgment against a Thai company. I believe that we have considered this situation in past correspondence. Our Thai legal counsel advises that there is no Reciprocal Enforcement of Judgment legislation in effect in Thailand.

I would appreciate hearing your views on the foregoing.

Larry Caroe