## Kevin C. Cain

**From:** Larry Caroe [lc@saunders.tc]
**Sent:** Thursday, January 20, 2005 10:39 AM
**To:** Kevin C. Cain
**Cc:** 'Clinton Yuen'
**Subject:** RE: Concordia Company, Inc. and Concordia Yachting Co. Ltd. (Thailand)

Dear Kevin:

Thank-you for your prompt response. Although I would need to take instructions, it might be workable that Concordia consent to the declaratory judgment prohibiting our client's use of the "Concordia" name in the U.S. in exchange for all other claims, including costs, being dismissed or waived. Since it is not the intention of our client to use the "Concordia" name in the U.S., this might be the solution.

However, I will allow you to discuss all issues with your client and await your advice.

Regards.

Larry Caroe

---

**From:** Kevin C. Cain [mailto:KCain@peabodyarnold.com]
**Sent:** Thursday, January 20, 2005 10:21 AM
**To:** Larry Caroe
**Subject:** RE: Concordia Company, Inc. and Concordia Yachting Co. Ltd. (Thailand)

Larry,

I am still waiting to hear back from my client. I have provided him with a copy of your earlier email and I have outlined various options available to insure that your client no longer attempts to use of the Concordia name in the United States. One of those options includes resolution by way of settlement agreement. A contractual resolution may be a palatable alternative to litigation, however, my client may wish to have a declaration reduced to a judgment to insure that your client abides by any settlement agreement we may reach. In the event that a declaratory judgment issues which confirms my client's rights to the Concordia name and prohibits your client's use of the name in the United States, we would agree to dismiss all claims for money damages or attorneys' fees.

I will get back to you as soon as I have a chance to thoroughly discuss the various options with my client.

Regards,

Kevin

---

**From:** Larry Caroe [mailto:lc@saunders.tc]
**Sent:** Thursday, January 20, 2005 9:18 AM
**To:** Kevin C. Cain
**Cc:** 'Clinton Yuen'
**Subject:** Concordia Company, Inc. and Concordia Yachting Co. Ltd. (Thailand)

Dear Kevin:

I have not heard from you since your e-mail message of January 10, 2005. I am advised that Concordia in Thailand has now been served.

Page 2 of 2

Do you have instructions from your client regarding my suggestion that, if we simply drop the matter at this point in time, there should be no further problem? Perhaps the simplest would be to simply leave matters as they now stand (as long as the Court does not compel you to move forward with your action) and see what transpires. If you have no further problems, as I am assured will be the case, your proceeding will not be necessary.

I am not certain that Corcordia Yachting Co. Ltd. would defend in any event since our advice from our Thai lawyers is that a U.S. judgment is not enforceable in Thailand in any event. There is, they advise, no reciprocal enforcement of judgments legislation in Thailand. Perhaps you have reviewed the law in that area and have a different view, but that is the advice we are getting.

Please advise. I would like this problem to get itself resolved as simply as possible. Neither client needs to waste legal fees on matters that are no longer issues.

Regards.

Larry Caroe

**********

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential and/or privileged information. If you are not the intended recipient, please notify Peabody & Arnold LLP immediately by replying to the message or by contacting us at (617) 951-2100. Please delete this message and any attachments from your system. Thank you.